# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | No. 17-23 |
| SONNY SCOTT | SECTION I |

## ORDER & REASONS

Before the Court is defendant Sonny Scott's ("Scott") motion[1] requesting reconsideration of this Court's order[2] denying Scott's 28 U.S.C. § 2255 motion. In the alternative, Scott requests that the Court reopen the § 2255 proceedings to allow Scott to present additional evidence and testimony.[3] Essentially for the reasons stated by the government in its opposition[4] to Scott's motion, the motion and request to reopen the proceedings are denied.

## I.

Because Scott filed the instant motion within twenty-eight days of this Court's order denying his § 2255 motion, it is properly construed as a motion for reconsideration under Federal Rule of Civil Procedure 59(e). *United States v. Redd*, 652 F. App'x 300, 303 (5th Cir. 2016) (citing *Harcon Barge Co. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 667 (5th Cir. 1986)). "A motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must

---

[1] R. Doc. No. 127.
[2] R. Doc. No. 125.
[3] R. Doc. No. 127-1, at 5.
[4] R. Doc. No. 129.

1

present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (quoting *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003)). Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law. *Id.* (citing *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002)). Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

As the basis for reconsideration, Scott argues that the Court applied an incorrect legal framework to its analysis by treating Scott's arguments with respect to his trial counsel's failure to investigate the circumstances surrounding the stop and search of his person as a separate "failure to investigate" claim, rather than analyzing it within the context of Scott's "failure to file" claim.[5] Scott also asks, "to the extent the Court intends to rest on its prior ruling," that the Court reopen the § 2255 proceedings to permit testimony from an investigator retained by Scott, who would testify to "what further investigation of the suppression issue would have revealed."[6]

## II.

Contrary to Scott's contention, the Court did not analyze Scott's arguments with respect to his trial counsel's failure to investigate the suppression issue as a

---

[5] *See* R. Doc. No. 127-1, at 1–2.
[6] *Id.* at 2.

separate claim from the claim that his trial counsel's failure to file a motion to suppress constituted ineffective assistance of counsel. Rather, the Court examined Scott's failure to investigate arguments as part of its analysis of whether the decision by Scott's trial counsel's not to file a suppression motion was objectively reasonable.[7] Reviewing the evidence in the record, and in consideration of the testimony at the evidentiary hearing, the Court found that the decision by Scott's trial counsel not to conduct further investigation into the suppression issue did not render her decision not to file a suppression motion objectively unreasonable.[8] A reopening of the § 2255 proceedings to permit testimony from Scott's investigator is not warranted.

## III.

Scott has not established a manifest error of law or fact. Scott has also not presented newly discovered evidence that would warrant reconsideration of the Court's previous order or argued that there has been an intervening change in the controlling law.

Accordingly,

**IT IS ORDERED** that Scott's requested relief is **DENIED**.

---

[7] Notwithstanding dicta in its order denying Scott's § 2255 motion, the Court was aware of Scott's assertion that he was "not making an independent 'failure to investigate' claim," and the Court did not treat his arguments on that issue as such. R. Doc. No 124, at 8; *see* R. Doc. No. 125, at 23–26.

[8] *See* R. Doc. No. 125, at 25–27.

New Orleans, Louisiana, April 13, 2020.

                                      _____
                                          **LANCE M. AFRICK**
                                 **UNITED STATES DISTRICT JUDGE**